IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| JOSEPH JOHN DRUSS and | : | BANKRUPTCY NO.: 5-08-bk-51000-JJT |
| KATHLEEN ANN DRUSS, | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| JOSEPH JOHN DRUSS and | : | |
| KATHLEEN ANN DRUSS, | : | |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| vs. | : | {**Nature of Proceeding**: Plaintiffs' Motion |
| | : | for Judgment on the Pleadings (Doc. #8)} |
| WYOMING COUNTY TAX CLAIM | | |
| BUREAU, | : | |
| | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-11-ap-00206-JJT** |

# OPINION

The pending Motion for Judgment on the Pleadings by the Debtors/Plaintiffs, Kathleen

and Joseph Druss, asks that Judgment be entered against the Defendant, Wyoming County Tax

Claim Bureau, by reason of the admissions in the pleadings and the exhibits. In the first of two

Counts in the Complaint, the Debtors argue that the accrual of interest and the communication of

the expectancy of demanding interest at a later time were violations of the stay. The Debtors

maintain that a certain letter directed to the Debtors was a violation of the automatic stay. The

letter from the Defendant, Exhibit A to the Complaint, identifies the amount of interest accrued

during the pendency of the Debtors' Chapter 13 and affirms that no collection efforts will be

initiated during bankruptcy.

I need not now determine whether the averments of the letter were legally precise. My

task is to simply ascertain whether its language is violative of one of the enumerated activities

listed in 11 U.S.C. § 362(a) as stayed by the bankruptcy petition. The answer is definitely

"maybe." As stated in *Zotow v. Johnson (In re Zotow)*, 432 B.R. 252, 258 (9th Cir. BAP 2010),

"[w]hether a communication is a permissible or prohibited one is a fact-driven inquiry which makes any bright line test unworkable." For example, the letter included a statement that asserts that "[y]ou may make payment in full or in part at your convenience as long as you remain in bankruptcy." This statement may be innocuous on its face but might otherwise intimidate the recipient if delivered by an 800 pound gorilla or under other circumstances that carry with it an implied threat of loss of assets. The short of it is that disposition by ruling on a Motion for Judgment on the Pleadings is inappropriate.

Normally, an unsecured property tax is nondischargeable. 11 U.S.C. § 523(a)(1). Although the Debtors claim that the confirmed plan alters that impact, our Court of Appeals has made it clear that "the mere accrual of post-petition interest does not violate the automatic stay." *Leeper v. Pennsylvania Higher Educ. Assistance Agency, (PHEAA)*, 49 F.3d 98, 104 (C.A.3 (Pa.),1995).

In their second Count, the Debtors claim that the letter sent by the Defendant violates the confirmed Chapter 13 plan. The Debtors argue that the language of the plan requires that the Defendants accept a sum certain as full payment of the obligation and, therefore, prevents the accrual of interest. A similar argument was raised in *Biege v. Sallie Mae, Inc (In re Biege)*, 417 B.R. 697 (Bankr.M .D.Pa. 2009). In *Biege*, I concluded that "pay[ing] off" a nondischargeable debt[1] does not necessarily satisfy the postpetition interest accumulated on the claim. Indeed, a plan proponent can specifically provide for the payment of postpetition interest. 11 U.S.C. § 1322(b)(10). While the Defendant's correspondence implies that the debt was not yet satisfied, the simple delivery of this letter hardly suggests that I issue an order of civil contempt or otherwise utilize my powers under § 105(a) to enforce the terms of the confirmed plan, in the

---

[1] To the extent that a property tax is unsecured, it is nondischargeable under 11 U.S.C. § 523(a)(1)(A), as it incorporates § 507(a)(8)(B). It is, nevertheless, subject to a Chapter 13 "super" discharge. 11 U.S.C. § 1328(a).

absence of a full hearing on the issue.  Even if the Defendant's postpetition interest is satisfied by completion of plan payments, the Defendant's obligation appears to rise no higher than full satisfaction of the tax obligation and the postpetition interest accrued thereon.  This utilization of the Court's enforcement powers does not lend itself to issuance of judgment without an opportunity for hearing and the due process protections attendant to it.  This is especially true in light of authority that (1) under § 1325(a)(5)(B)(ii) and by virtue of § 506(b), a secured claim is generally entitled to interest if payments are deferred over the term of  the plan, (*Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993)); (2) an oversecured prepetition tax claim is generally entitled to postpetition interest, (*Rankin v. DeSarno*, 89 F.3d 1123 (3d Cir.1996), *cert. denied,* 519 U.S. 1108, 117 S.Ct. 943, 136 L.Ed.2d 832 (1997)); and (3) interest accruing after the date of bankruptcy filing was not specifically addressed in the plan.

For all these reasons, the Debtors' Motion for Judgment on the Pleadings is denied.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: July 13, 2011